UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFFERY R. STRATTON,<br><br>                    Petitioner,<br><br>      v.<br><br>WASHINGTON STATE,<br><br>                    Respondent. | NO:  2:21-CV-0006-TOR<br><br>ORDER SUMMARILY DISMISSING HABEAS PETITION |

Petitioner, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  The $5.00 filing fee has been paid.  Also before the Court are Petitioner's Motion to Compell (sic) for Information and Motion for Vicarious Exhaustion of State Remedies.  ECF Nos. 1-39, 1-41.

**PROPER RESPONDENT**

An initial defect with the Petition is that it fails to name a proper party as a respondent.  The proper respondent in a federal petition seeking habeas corpus relief

ORDER SUMMARILY DISMISSING HABEAS PETITION ~ 1

is the person having custody of the petitioner.  *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  If the petitioner is incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891 (9th Cir. 1996).  Failure to name a proper respondent deprives federal courts of personal jurisdiction.  *See Stanley*, 21 F.3d at 360.

## EXHAUSTION REQUIREMENT

Petitioner challenges his guilty pleas and sentences in the Spokane County Superior Court, case number 14-1-01776-7, for rape of a child and two counts of child molestation.  ECF No. 1 at 1.  He was sentenced to 194 months incarceration.  Petitioner indicates that he did not appeal his convictions, nor did he seek review by the Supreme Court of Washington.  *Id*. at 2.

In his grounds for relief, Petitioner argues that the State of Washington has no jurisdiction to decide federal constitutional matters.  However, it has long been settled that state courts are competent to decide questions arising under the U.S. Constitution.  *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805

ORDER SUMMARILY DISMISSING HABEAS PETITION ~ 2

1   F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal

2   courts to decide federal constitutional matters).  Therefore, Petitioner's arguments

3   to the contrary lack merit.

4         Additionally, before a federal court may grant habeas relief to a state prisoner,

5   the prisoner must exhaust the state court remedies available to him.  28 U.S.C. §

6   2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion generally requires that

7   a prisoner give the state courts an opportunity to act on his claims before he presents

8   those claims to a federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  A

9   petitioner has not exhausted a claim for relief so long as the petitioner has a right

10  under state law to raise the claim by available procedure.  *See id*.; 28 U.S.C. §

11  2254(c).

12        To meet the exhaustion requirement, the petitioner must have "fairly

13  present[ed] his claim in each appropriate state court (including a state supreme court

14  with powers of discretionary review), thereby alerting that court to the federal nature

15  of the claim."  *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364,

16  365–66 (1995).  A petitioner fairly presents a claim to the state court by describing

17  the factual or legal bases for that claim and by alerting the state court "to the fact

18  that the . . . [petitioner is] asserting claims under the United States Constitution."

19  *Duncan*, 513 U.S. at 365–366; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th

20

Cir. 2001) (same).  Mere similarity between a claim raised in state court and a claim in a federal habeas petition is insufficient.  *Duncan*, 513 U.S. at 365–366.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.  *See Picard v. Connor*, 404 U.S. 270, 275 (1971).  Petitioner has not exhausted his state court remedies as to each of his grounds for relief.  Indeed, Petitioner affirmatively represents that he did not exhaust his state court remedies and seeks to establish exhaustion by vicariously asserting Scott A. Fischer's claimed exhaustion of his remedies.  ECF No. 1-41.  Petitioner cites no authority which would support application of the vicarious exhaustion rule in the context of a federal habeas action brought under § 2254.  Moreover, another Court has disagreed with the proposition that Mr. Fischer properly exhausted his state court remedies on the issues before this Court.  *See Power v. Washington*, No. C20-0434-BJR-MAT, 2020 WL 4227815, at *2 (W.D. Wash. May 14, 2020), report and recommendation adopted, No. C20-0434-BJR, 2020 WL 4226521 (W.D. Wash. July 22, 2020).

Accordingly, this Court rejects Petitioner's proposal that he be relieved of the exhaustion requirement.

## GROUNDS FOR FEDERAL HABEAS RELIEF

Essentially, Petitioner asserts that the Washington state constitution contradicts the federal constitution regarding the Fifth Amendment right to presentment or indictment of a Grand Jury.  He claims "no bill of indictment" was brought against him rendering his conviction and imprisonment illegal.

Petitioner seems to argue that because the state courts have defied federally established procedures and processes for the adjudication of crimes only a federal court has jurisdictional authority over his claims.  His bald assertion that his due process rights were violated is unsupported by his factual allegations.

The United States Supreme Court stated long ago: "Prosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution."  *See Gaines v. State of Washington*, 277 U.S. 81, 86 (1928).  Consequently, Petitioner's assertions to the contrary presented in his grounds for federal habeas relief are legally frivolous.

Because it plainly appears from the petition and the attached exhibits that Petitioner is not entitled to relief in this Court, **IT IS ORDERED:**

1.  The petition, ECF No. 1, is **DISMISSED** pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

2.  Petitioner's Motion to Compell (sic) for Information and Motion for Vicarious Exhaustion of State Remedies and, ECF Nos. 1-39, 1-41, are **DENIED**.

1    **IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order,

2    enter judgment, provide copies to Petitioner, and close the file.  The Court certifies

3    that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be

4    taken in good faith, and there is no basis upon which to issue a certificate of

5    appealability.   28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).   A certificate of

6    appealability is therefore **DENIED**.

7         **DATED** February 3, 2021.

8
                              
9                                        THOMAS O. RICE
                                    United States District Judge
10

11

12

13

14

15

16

17

18

19

20

ORDER SUMMARILY DISMISSING HABEAS PETITION ~ 6